UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CABARDO, et al., | No. 2:12-cv-1705-TLN-KJN |
| Plaintiffs, | |
| v. | ORDER |
| MARILYN PATACSIL, et al., | |
| Defendants. | |

Presently pending before the court is defendants Marilyn Patacsil and Ernesto Patacsil's ex parte application for a protective order concerning the deposition of defendants' person most knowledgeable pursuant to Federal Rule of Civil Procedure 30(b)(6) (who defendants represent would be defendant Marilyn Patacsil). (ECF No. 24.) In the ex parte application, filed on March 24, 2014, defendants request that the deposition, presently noticed for March 28, 2014, be continued for 90 days in light of Ms. Patacsil's medical condition, and that it be limited in several other ways. (Id.) For the reasons discussed below, the court denies the application.

The operative November 21, 2012 pretrial scheduling order in this matter provides, in part, that:

> All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by April 15, 2014. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been

1

> resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than April 15, 2014.

(ECF No. 13 at 3.) The court's Local Rules require discovery motions to be noticed for a hearing on an appropriate calendar at least 21 days from the date of filing and service, and outline specific briefing requirements pertaining to such motions, such as the filing of a joint statement regarding the discovery disagreement. See E.D. Cal. L.R. 251. Because the undersigned hears civil motions on Thursdays, the first available hearing date on proper notice, given a filing date of March 24, 2014, would be Thursday April 17, 2014, which falls after the discovery completion deadline in this matter.

Defendants have not shown good cause for an order permitting their application to be heard on shortened time. Local Rule 144 provides, in part, that:

> Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action.

E.D. Cal. L.R. 144(e).

According to defendants, the notice of deposition for the March 28, 2014 deposition was served on March 13, 2014, and on March 14, 2014, defendants' counsel received a faxed letter from Ms. Patacsil's physician, Dr. Aziz Kamali, concerning Ms. Patacsil's medical condition and recommending that she "not deal with any business related matters for at least three months." (ECF No. 24 at 4, 15.)[1] Thus, defendants had sufficient time to meet and confer with plaintiffs

---

[1] Defendants filed a request to seal Dr. Kamali's letter (ECF No. 25), which the court grants. Even assuming, without deciding, that the higher "compelling reasons" standard for sealing most judicial records applies, such compelling reasons exist here, because the letter contains sensitive medical information without any direct bearing on the substantive claims at issue in this litigation. Disclosure of this information in the public record would be unduly embarrassing to Ms. Patacsil, and disclosure of the letter is not necessary to the public's understanding of the judicial process and legal principles involved in this action. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006); Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).

concerning Ms. Patacsil's availability for deposition, and if necessary, file a timely motion for a protective order on or before March 20, 2014, for a hearing date on April 10, 2014. Defendants' application does not show good cause for their failure to do so.[2]

Moreover, defendants' own application indicates that Ms. Patacsil's deposition was previously cancelled and/or delayed in the early part of 2013 as a result of Ms. Patacsil's alleged medical and emotional condition. (ECF No. 24 at 3.) Although the court does not have before it documentation concerning the 2013 period, Dr. Kamali's March 2014 letter, in its unredacted form, contains fairly cursory references to various generalized medical and mental health conditions, without providing any significant support or reasoning for such a lengthy period of supposed inability to deal with any legal or business matters. Given the impending discovery completion deadline of April 15, 2014, it is not surprising that plaintiffs apparently objected to continuing the Rule 30(b)(6) deposition by 90 days. Simply put, that continuance is not permissible unless the pretrial scheduling order is also modified.

Therefore, the court denies defendants' application, both because it is untimely pursuant to Local Rule 251 (without a showing of good cause for an order shortening time), and because the relief requested cannot be awarded in any event without modifying the scheduling order.

Defendants are encouraged to meet and confer with plaintiffs so as to conduct the deposition as noticed and/or prior to the discovery completion deadline, with any feasible reasonable accommodations for Ms. Patacsil's medical conditions. By way of example only, the parties may consider allowing the deposition to be conducted over multiple days for shorter sessions. Alternatively, the parties may jointly file, or defendants may unilaterally file, a motion with the assigned district judge to modify the present scheduling order and discovery completion

---

[2] Additionally, the court is troubled by the fact that defendants apparently did not first seek plaintiffs' stipulation to an order shortening time as required by Local Rule 144(e). Instead, defendants' counsel states in his supporting declaration that "[o]n March 24, 2014, at 11:00 a.m. [after filing the ex parte application at 10:30 a.m.], I intend to leave a telephone message at the Law Firm of Mallison and Martinez for Attorney Joe Sutton that, on behalf of Defendants, I have submitted to the court an ex parte application…." (ECF No. 24 at 3.) Defendants' counsel is cautioned that any future failure to comply with the court's Local Rules and failure to properly meet and confer concerning a motion may result in the imposition of appropriate sanctions.

deadline.³  However, such a motion must be supported by a showing of good cause.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Defendants' ex parte application for a protective order (ECF No. 24) is DENIED.
2. Defendants' request to seal Dr. Kamali's March 2014 letter (ECF No. 25) is GRANTED.
3. The Clerk of Court shall file under seal Dr. Kamali's March 2014 letter.  (<u>See</u> ECF No. 25-1 at 4.)

IT IS SO ORDERED.

Dated:  March 25, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

³ The assigned district judge, the Hon. Troy L. Nunley, generally requires that motions to modify the pretrial scheduling order be directed to the district judge.

4