UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CABARDO, DONNABEL SUYAT, MACTABE BIBAT, MARISSA BIBAT, ALICIA BOLLING, RENATO MANIPON, CARLINA CABACONGAN, and JOHN DAVE CABACONGAN, on behalf of all current and former employees and the State of California,<br><br>Plaintiff,<br><br>v.<br><br>MARILYN PATACSIL and ERNESTO PATACSIL,<br>Defendants. | No. 2:12-cv-01705-TLN-KJN<br><br>**FINAL PRETRIAL ORDER**<br><br>TRIAL DATE: January 28, 2019<br>TIME: 9:00 a.m. |

This Court held a Final Pretrial Conference on November 15, 2018. Plaintiff Joseph Cabardo, Donnabel Suyat, Mactabe Bibat, Marissa Bibat, Alicia Bolling, and Renato Manipon ("Plaintiffs") were represented by Hector Rodriguez Martinez. Defendants Marilyn Patacsil and Ernesto Patacsil ("Defendants") were represented by Michael Levin. After the hearing, the Court makes the following findings and orders:

**I.  JURISDICTION / VENUE**

This Court has jurisdiction pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(1) as

1

Defendants reside in this District.  Further, venue is also proper as most, if not all, of the events giving rise to Plaintiffs' claim occurred in this District.  28 U.S.C. § 1391(b)(2).

## II. SETTLEMENT CONFERENCE

The parties participated in a settlement conference before the Honorable Magistrate Judge Carolyn K. Delaney on April 9, 2018, and a settlement was not reached.  At the Final Pretrial Conference, Defendants stated that a second pretrial conference would not be helpful.

## III. JURY TRIAL

The parties have demanded a jury trial.  Accordingly, this matter shall be tried before a jury.  The Court shall empanel eight (8) jurors.

## IV. UNDISPUTED FACTS

The parties do not dispute the following facts:

a. The Court has jurisdiction over this matter;

b. The Eastern District of California is the proper venue for this action;

c. Plaintiffs are entitled to a jury trial;

d. Defendants are a "covered" employer for purposes of the FLSA and applicable California Wage and Hour Law;

e. Marilyn Patacsil and Ernesto Patacsil are employers of Plaintiffs;

f. Plaintiffs Joseph Cabardo, Donnabel Suyat, Alicia Bolling, Mactabe Bibat, Marissa Bibat, Renato Manipon, Carlina Cabacongan, John Dave Cabacongan were employed by Defendants as caregivers;

g. Plaintiff Alicia Bolling was employed by Defendants from October 8, 2011 to December 29, 2011;

h. Plaintiff Marisa Bibat was employed at various times by Defendants from August of 2005 until January 12, 2012;

i. Plaintiff Mactabe Bilbat was employed by Defendants from October 29, 2011 to January 12, 2012;

j. Plaintiff Joseph Cabardo was employed by Defendants from October 6, 2011 to March 1, 2012;

2

k. Plaintiff Renato Manipon was employed at various times by Defendants from August 9, 2005 until January 11, 2012;

l. Plaintiff Donnabel Suyat was employed by Defendants from October 2010 until March 4, 2012;

m. Carlina Cabacongan was employed by Defendants from March 17, 2010 until October 5, 2010;

n. John David Cabacongan was employed by Defendants from March 16, 2010 until December 31, 2010;

o. Defendants care for "consumers" who are residents at Defendants' facilities which provide nonmedical residential care for adults pursuant to California Health and Safety Code § 1502 subd. (a);

p. Consumers typically need assistance with medication;

q. That the applicable minimum wage set by the Industrial Welfare Commission Wage Orders is $8.00 per hour effective January 1, 2008;

r. Prior to late 2012, Defendants paid Plaintiffs a salary rather than an hourly wage;

s. Defendants did not provide Plaintiffs with wage statements that recounted the hours Plaintiffs worked in any given pay period;

t. The United States Department of Labor Wage and Hour Division ("DOL") investigated the Patacsil Care Homes;

u. The DOL investigation found that Ms. Patacsil had violated the FLSA and owed employees' wages;

v. Ms. Patacsil stated that she will never pay the amount the DOL investigation found she owed. When asked whether she was ever going to pay it, she stated: "[n]ever. I will never. I will never.";

w. Plaintiffs have opted in to the FLSA claim;

x. Plaintiffs were employed by Defendants;

y. Plaintiffs were employed by Defendants as live-in caregivers.

///

3

## V. DISPUTED FACTUAL ISSUES

Plaintiffs' Position[1]

a. The parties dispute whether there are patients in Defendants' facilities where Plaintiffs worked who cannot or could not care for themselves and needed assistance in feeding themselves, grooming themselves, bathing themselves, toileting themselves, and ambulating, among other tasks;

b. The parties dispute whether Marilyn Patacsil and Ernesto Patacsil own and operate numerous institutions engaged in residential care;

c. The parties dispute whether there are generally six residents per facility and that creates certain staffing requirements;

d. The parties dispute whether employees are required to provide round-the-clock care to patients with certain staffing requirements;

e. The parties dispute whether prior to late 2012, Defendants paid employees a salary rather than an hourly wage;

f. The parties dispute whether Plaintiffs were not provided with all proper rest and meal periods;

g. The parties dispute whether all consumers attended day programs on all occasions;

h. The parties dispute whether there were any voluntary written meal and lodging agreements to offset against wages;

Defendants' Position

i. The parties dispute the hours of work claimed by individual Plaintiffs during the week and on weekends;

j. The parties dispute the days of work claimed by individual Plaintiffs during the week and weekends;

k. The parties dispute the period(s) of employment, including gaps in employment by

---

[1] At the Pretrial Conference, Defendants stated that Plaintiffs' disputed factual issues in the Joint Pretrial Statement were altered after the parties conferred and agreed to their Joint Pretrial Statement. Plaintiffs suggested these changes were limited to Plaintiffs' sections of the Statement. The Court declines to include these added paragraphs in the Pretrial Order, as Defendants allegedly did not have time to object and make changes to these additions. This does not preclude Plaintiffs from addressing these allegations and arguments at trial.

4

individual Plaintiffs;

 l. The parties dispute the terms and conditions of salary compensation promised by Defendants to Plaintiffs;

 m. The parties dispute the length of meal periods claimed by individual Plaintiffs;

 n. The parties dispute the absence of meal periods claimed by Plaintiffs;

 o. The parties dispute the length of rest periods claimed by Plaintiffs;

 p. The parties dispute the absence of rest periods claimed by Plaintiffs;

 q. The parties dispute the job duties performed by Plaintiffs;

 r. The parties dispute the job duties performed by Plaintiff live-ins vs. job duties performed by "awake" night staff;

 s. The parties dispute the scope of the job duties performed during the week and weekends by individual Plaintiffs;

 t. The parties dispute the occurrence of an "endorsement" during shift change from awake night staff to day staff at the facilities;

 u. The parties dispute whether Plaintiffs performed gardening duties during the week and on weekends at the facilities;

 v. The parties dispute the range of morning departure times for consumers attending "day program" at off-site locations during the week;

 w. The parties dispute the range of afternoon return times for consumers attending "day program" at off-site locations during the week;

 x. The parties dispute whether Defendants failed to pay all wages due upon resignation or termination;

 y. The parties dispute whether Plaintiffs could not leave the facility premises during resident day program hours during the week;

 z. The parties dispute whether Defendant Marilyn Patacsil and other designated staff were available during day program hours if residents refused to attend day program or returned early from day program;

 aa. The parties dispute whether Plaintiffs could leave the facility premises when off-duty

during the week;

bb. The parties dispute whether Plaintiffs could leave the facility premises when off-duty on weekends;

cc. The parties dispute whether Plaintiffs could leave the facility premises when on-duty wherein two staggered staff were available for coverage during the week and on weekends;

dd. The parties dispute whether Plaintiffs were aware of employer notices posted at the Patacsil facilities;

ee. The parties dispute whether Plaintiffs were aware of the employer personnel policies manual;

ff. The parties dispute whether the typical task period for Plaintiffs in the morning began at 5:00 a.m.;

gg. The parties dispute whether the typical task period for Plaintiffs ended at 10:00 p.m.;

hh. The parties dispute whether Plaintiffs received an uninterrupted sleeping period of eight hours;

ii. The parties dispute whether awake night staff called upon live-in staff to assist with residents on an on-going basis;

jj. The parties dispute whether consumers were typically in bed by 8:00 p.m.;

kk. The parties dispute whether Plaintiffs entered into an employer-employee agreement with Defendants;

ll. The parties dispute whether Plaintiffs believed they would lose their job if they did not sign an employer-employee agreement;

mm. The parties dispute whether Plaintiffs did not understand an employer-employee agreement between Plaintiffs and Defendants;

nn. The parties dispute whether Plaintiffs did not understand and/or agree in writing to credit meals and lodging against the minimum wage;

oo. The parties dispute whether Plaintiffs did not understand and/or agree to exclude at least three mandated meal periods of one hour each from daily hours worked;

pp. The parties dispute whether Plaintiffs did not understand and/or agree to exempt a regularly scheduled, uninterrupted sleep time of eight hours from hours worked;

qq. The parties dispute whether Defendants were expected to compensate Plaintiffs for ethnic foods purchased by Plaintiffs based on a promise of free food;

rr. The parties dispute whether staff sleeping accommodations were both sub-standard and/or not private.

**VI.     DISPUTED EVIDENTIARY ISSUES**

 a.  Plaintiffs will seek to exclude evidence of Plaintiffs immigration status under Federal Rule of Evidence ("FRE") § 402 and Cal. Labor Code § 1171.5(a) and alternatively, under FRE § 403;

 b.  Plaintiffs will also seek to exclude testimony of non-percipient witnesses introduced by Defendant under FRE § 602 and under FRE § 801 as hearsay;

 c.  Plaintiffs will also seek to exclude testimony in conflict with the "suffer or permit" standard within Title 8 Cal. Code Reg. § 11050(k), and will rely on FRE § 402;

 d.  Plaintiffs will also seek to bar testimony in conflict with "PMK" admissions;

 e.  Plaintiffs will also seek to bar evidence of the DOL investigation under FRE § 403;

 f.  Defendants will seek to exclude evidence outside of the applicable statute of limitations for each of Plaintiffs' claims;

 g.  Defendants will also seek to exclude evidence inconsistent with federal and state minimum wage in effect during the time Plaintiffs were employed by Defendants;

 h.  Defendants will also seek to exclude evidence related to the remedial measures and offers in compromise related to the DOL investigation and litigation under FRE §§ 407 and 408 and California Evidence Code §§ 1151 and 1152;

 i.  Defendants will also seek to bar Plaintiffs from presenting evidence that portions of the employment agreement are unenforceable because Plaintiffs did not read it;

 j.  Defendants will also seek to bar the testimony of Plaintiffs' witness Aaron Woolfson.

///

**VII.** **<u>WITNESSES</u>**

The parties list the following prospective witnesses:

a. Joseph Cabardo

b. Donnabel Suyat

c. Alicia Bolling

d. Mactabe Bibat

e. Marissa Bibat

f. Renato Manipon

g. Carlina Cabacongan

h. John Dave Cabacongan

i. Aaron Woolfson

j. Marilyn Patacsil

k. Ernesto Patacsil

l. Maryann Patacsil

m. Erma Patacsil Almillo

n. Brian Bennett

o. Dionicia Calvan

p. Eddie Carino

q. Daphne delaCruz

r. Neriza delaCruz

s. Michelle Franco

t. Ammie Garner

u. Febe Garvida

v. Roy Garvida

w. Aziz Kamali, M.D., F.A.C.P.

x. Rosa Magcanam

y. Ryan Masaya

z.  Dien Nguyen

aa. Kenny Okamura Community Care Licensing

bb. Rose Rosell

cc. Melchor Tupas

A. No other witnesses will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or (2) the witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in section B below.

B. Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless: (1) the witnesses could not reasonably have been discovered prior to pretrial; (2) the Court and opposing counsel were promptly notified upon discovery of the witnesses; (3) if time permitted, counsel proffered the witnesses for deposition; and (4) if time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel.

## VIII.   EXHIBITS-SCHEDULES AND SUMMARIES

The parties expect numerous exhibits at trial which have been memorialized in the parties' Exhibit B and Exhibit C to the Joint Final Pretrial Conference Statement and are thus incorporated herein.

**Plaintiffs' exhibits shall be listed numerically.  Defendants' exhibits shall be listed alphabetically.**  The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for Plaintiffs and blue for Defendants.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion during the trial.  All multi-page exhibits shall be fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually.  The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other.  In the event that Plaintiffs and

Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified.  The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

  A. The Court will not permit introduction of other exhibits unless: (1) the party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Scheduling Conference, or (2) the exhibit was discovered after the Pretrial Scheduling Conference and the proffering party makes the showing required in paragraph "B" below.

  B. Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the Court and counsel were promptly informed of their existence; (3) counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel.  If the exhibit(s) may not be copied, the proffering counsel must show that he or she has made the exhibit(s) reasonably available for inspection by opposing counsel.

  C. As to each exhibit, each party is ordered to exchange a copy identical to the Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) **no later than one week before trial.**

  D. The attorney or representative for each party is directed to present one copy of the exhibit(s) and exhibit list to the Court Clerk's Office, **no later than 3:00 p.m., one week before trial**, or at such earlier time as may be ordered by the Court.  The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter. Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.

  E. It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s) if needed.

**IX. <u>DISCOVERY DOCUMENTS</u>**

A. Lodging Deposition Transcripts and Video Files

It is the duty of counsel to ensure that any deposition transcripts which are to be used at trial have been lodged with the Clerk of the Court **one week prior to trial.** Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

B. Use of Depositions

The parties are ordered to file with the Court and exchange between themselves **no later than one week before trial** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

C. Interrogatories and Admissions

The parties are ordered to file with the Court and exchange between themselves **no later than one week before trial** a statement designating portions of Answers to Interrogatories and Admissions which the respective parties intend to offer or read into evidence (except for portions to be used only for impeachment or rebuttal).

**X.     FURTHER DISCOVERY OR MOTIONS**

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Final Pretrial Conference. That Order is confirmed. The parties are free to engage in informal agreements regarding discovery and law and motion matters. However, any such agreements will not be enforceable in this Court.

**XI.    MOTIONS IN LIMINE**

The parties' motions in limine are due no later than 5 p.m. on January 14, 2019. Oppositions are due no later than 5 p.m. on January 22, 2019.

**XI.    AGREED STATEMENTS - JOINT STATEMENT OF CASE**

It is mandatory the parties shall file a short, statement concerning the nature of this case that will be read to the jury at the commencement of trial. (NO EXCEPTIONS) **The parties shall file the statement no later than one week before first day of trial**. The statement of the case shall include in plain concise language the claims of Plaintiffs and claims of other parties, if

11

any, and the corresponding defenses to the claims.

**XII. <u>PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM</u>**

    A.    <u>Jury instructions</u>

Counsel are directed to meet and confer and to attempt to agree upon a joint set of jury instructions. Counsel shall use the Ninth Circuit Model Jury Instructions and any revisions. Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is unavailable. All instructions shall be, to the extent possible, concise, understandable, and free from argument. *See* Local Rule 163(c). **Parties shall also note that any modifications of instructions from statutory authority, case law or from any form of pattern instructions must specifically state the modification by underlining additions and bracketing deletions.** Pursuant to Local Rule 163, jury instructions shall be filed with the Court **on or before the first day of trial**.

    B.    <u>Verdict Form</u>

The parties must file a joint verdict form(s) concurrently with proposed jury instructions **on or before the first day of trial**. If necessary, a special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired. *See* Local Rule 163(e).

    C.    <u>Voir Dire</u>

The parties shall submit proposed voir dire questions to the Court. The Court reserves the right to conduct all examination of prospective jurors. Pursuant to Local Rule 162.1, the voir dire questions shall be filed with the Court **one week before trial**.

**XIII. <u>AUDIO/VISUAL EQUIPMENT</u>**

The parties are required to notify the Courtroom Deputy Clerk, Michele Krueger, **twenty-one (21) days before trial**, if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence. There will be one date and time for such orientation.

## XIV. DATE AND LENGTH OF TRIAL

Trial is scheduled for **Monday, January 28, 2019**. The estimated length of trial is 15 days. Counsel are to email Michele Krueger, Courtroom Deputy Clerk, at mkrueger@caed.uscourts.gov or call 916-930-4163 by **January 7, 2019,** to ascertain the status of the trial date.

## XV. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **fourteen (14) days** from the entry of this Final Pretrial Order to object to any part of the order or to request augmentation to it. A Final Pretrial Order will be modified only upon a showing of manifest injustice. If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: November 20, 2018

Troy L. Nunley
United States District Judge