

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH CABARDO, et al.,                    No.  2:12-cv-01705-TLN-KJN

              Plaintiffs,

    v.

MARILYN PATACSIL, et al.,

              Defendants.

_____/

# JURY INSTRUCTIONS

# GIVEN

_____

District Judge Troy L. Nunley

INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

INSTRUCTION NO. 2

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the parties have agreed.

4. when the parties stipulate to a fact, treat it as a fact that has been proven.  No further evidence is needed to prove that fact.

INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers may object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.

You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 5

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Document summaries prepared by Plaintiff witness Aaron Wolfson maybe considered only for the limited purpose of determining the amount of unpaid wages owing, if any.

INSTRUCTION NO. 6

An order issued before trial finding the following facts to be undisputed; you must therefore treat these facts as having been proved:

1. Prior to late 2012, Defendants improperly paid Plaintiffs a salary rather than an hourly wage;

2. Plaintiffs are subject to Wage Order 5-2001 and not exempt from minimum wage and overtime requirements;

3. Defendants knowingly and intentionally did not provide Plaintiffs with wage statements that recounted the hours Plaintiffs worked in any given pay period;

4. Defendants are a "covered" employer for purposes of the FLSA and applicable California Wage and Hour Law;

5. Marilyn Patacsil and Ernesto Patacsil are employers of Plaintiffs;

6. Plaintiffs Joseph Cabardo, Donnabel Suyat, Alicia Bolling, Mactabe Bibat, Marissa Bibat, Renato Manipon, Carlina Cabacongan, John Dave Cabacongan were employed by Defendants as caregivers;

7. Plaintiff Alicia Bolling was employed by Defendants from October 8, 2011 to December 29, 2011;

8. Plaintiff Marisa Bibat was employed at various times by Defendants from August of 2005 until January 12, 2012;

9. Plaintiff Mactabe Bilbat was employed by Defendants from October 29, 2011 to January 12, 2012;

10. Plaintiff Joseph Cabardo was employed by Defendants from October 6, 2011 to March 1, 2012;

11. Plaintiff Renato Manipon was employed at various times by Defendants from August 9, 2005 until January 11, 2012;

12. Plaintiff Donnabel Suyat was employed by Defendants from October 2010 until March 4, 2012;

13. Carlina Cabacongan was employed by Defendants from March 17, 2010 until October 5, 2010;

14. John David Cabacongan was employed by Defendants from March 16, 2010 until December 31, 2010;

15. Defendants care for "consumers" who are residents at Defendants' facilities which provide nonmedical residential care for adults pursuant to California Health and Safety Code § 1502 subd. (a);

16. Consumers typically need assistance with medication;

17. That the applicable minimum wage set by the Industrial Welfare Commission Wage Orders is $8.00 per hour effective January 1, 2008;

18. The United States Department of Labor Wage and Hour Division ("DOL") investigated the Patacsil Care Homes;

19. The DOL investigation found that Ms. Patacsil had violated the FLSA and owed employees' wages;

20. Ms. Patacsil stated that she will never pay the amount the DOL investigation found she owed. When asked whether she was ever going to pay it, she stated: "[n]ever. I will never. I will never.";

21. Under the Fair Labor Standards Act, overtime work is defined as any hours worked over 40 hours;

22. Under California law, overtime work is defined as any hours worked over 8 hours in one day or 40 hours in one week;

23. Overtime pay is [1.5 x Plaintiff's regular hourly pay] x [number of overtime hours worked];

24. Under California law, double-time work is any hours worked over 12 hours in a day or over 8 hours on the seventh consecutive day of work;

25. Doubletime pay is [2 x Plaintiff's regular hourly pay)] x [number of doubletime hours worked];

26. Rest period premium pay is [number of work days that rest periods were not provided] x [1 hour of pay at Plaintiff's regular rate of compensation];

27. Wage statement statutory penalties are [$50 x 1 (initial pay period)] + [$100 x number of subsequent pay periods]. Wage statement statutory penalties may not exceed $4,000/plaintiff.

28. The number of aggrieved employees is the number of employees who worked for the Patacsil's during the relevant time period who received inaccurate wage statements;

29. Wage statement civil penalties are [$50 x 1 (initial pay period)] + [$100 x number of subsequent pay periods] x [number of aggrieved employees];

30. Waiting time penalties are [Plaintiff's daily wage rate] x [number of calendar days since Plaintiff's last day of employment (employees may recover waiting time penalties for a maximum of 30 calendar days)].

It is for you to determine the effect or weight to be given to these facts.

INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 8

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 9

The burden of proof shifts to employers 'in the wage and hour context when an employer's compensation records are so incomplete or inaccurate that an employee cannot prove his or her damages. Where the employer has failed to keep records required by statute, the consequences for such failure should fall on the employer, not the employee. In such a situation, imprecise evidence by the employee can provide a sufficient basis for damages, including unpaid hours worked. Plaintiffs have carried out their burden of damages if they produce sufficient evidence to show that they worked and were not compensated for all of their time worked. The burden then shifts to Defendants to come forward with evidence to negate the reasonableness of the inference to be drawn from plaintiffs' evidence, including specific evidence of amount of wages owed. If Defendants fail to produce such evidence, the jury may then award damages to Plaintiffs, even though the result may be only approximate.

INSTRUCTION NO. 10

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

INSTRUCTION NO. 11

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. 12

You should decide the case as to each plaintiff and each defendant party separately.
Unless otherwise stated, the instructions apply to all parties.

INSTRUCTION NO. 13

You have heard testimony of witnesses Renato Manipon, Mactabe Bibat, Marissa Bibat, and Carlina Cabacongan who testified either in the Tagalog and/or Ilocano languages. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Tagalog and/or Ilocano languages, it is important that all jurors consider the same evidence.

Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

INSTRUCTION NO. 14

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that

1.    Defendants violated the Fair Labor Standards Act for failure to pay overtime wages

2.    Failure to pay state minimum wages

3.    Failure to pay state overtime and double-time wages

4.    Failure to provide meal periods

5.    Failure to provide rest periods

6.    Failure to comply with itemized wage statement requirements

7.    Failure to pay all wages owed upon termination or resignation

8.    Violation of Unfair Competition Law and

9.    Violation of California Labor Code Private Attorney General Act] The plaintiff has the burden of proving these claims.

The defendant denies those claims and also contends that Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations

1.    two years: Fair Labor Standards Act

2.    three years:  Willful Violation of the Fair Labor Standards Act

3.    three years: Failure to Pay State Minimum Wages

4.    three years: Failure to pay state overtime and double-time wages

5.    three years: Failure to provide meal periods

6.    three years: Failure to provide rest periods

7.    one year:  Failure to comply with itemized wage statement requirements

8.    three years: Failure to pay all wages owed upon termination or resignation

9.    one year: Failure to allow copying of employee records.

10.     four years: Violation of Unfair Competition Law

11.     one year: Violation of California Labor Code Private Attorney General Act

The defendant has the burden of proof on these affirmative defenses.

INSTRUCTION NO. 15

"Healthcare Industry" is defined as hospitals, skilled nursing facilities, intermediate care and residential care facilities, convalescent care institutions, home health agencies, clinics operating twenty-four (24) hours per day, and clinics performing surgery, urgent care, radiology, anesthesiology, pathology, neurology or dialysis.

"Residential facility" means any family home, group care facilities, or similar facility determined by the department, for 24-hour nonmedical care of persons in need of personal services, supervision, or assistance essential for sustaining the activities of daily living or for the protection of the individual.

All Adult Residential Facilities are Residential Care Facilities and are therefore part of the healthcare industry.

INSTRUCTION NO. 16

Hours worked means the time during which an employee is subject to the control of any employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so. Employees must be paid for all the time that employer directs, commands or restrains an employee from leaving the work place and thus prevents the employee from using the time effectively for his or her own purposes.

INSTRUCTION NO. 17

Where, as here, an employer has not provided accurate or adequate records, it is the duty of the jury to draw whatever reasonable inferences can be drawn from the plaintiffs' evidence as to their hours worked. Plaintiffs have carried out their burden if they produce sufficient evidence to show that they worked hours that were not compensated. The burden then shifts to Defendants to come forward with evidence to negate the reasonableness of the inference to be drawn from plaintiffs' evidence. If Defendants fail to produce such evidence, you may then award damages to Plaintiffs, even though the result may be only approximate.

INSTRUCTION NO. 18

State law requires California employers to keep payroll records showing the hours worked by and wages paid to employees. If Defendants did not keep accurate records of the hours worked by Plaintiffs, then Plaintiffs may prove the number of overtime hours worked by making a reasonable estimate of those hours.

In determining the amount of overtime hours worked, you may consider Plaintiffs' estimate of the number of overtime hours worked and any evidence presented by Defendants that Plaintiffs' estimate is unreasonable.

INSTRUCTION NO. 19

If Defendants willfully destroyed evidence relevant to this case, then a presumption that the destroyed records would have been favorable to Plaintiff, must be made.

The general obligation to preserve evidence arises when Defendants had notice that the evidence is relevant to litigation. Parties have a duty to preserve what it knows, or reasonably should know, is relevant in the action. Under California law, employers have a statutory duty to preserve timekeeping records that show when the employee begins and ends each work period.

Additionally, Presumptions are available against those who destroy or alter evidence. The presumptions imposed must be sufficient to deter any misconduct. Aggrieved parties should not suffer when the destroying party knew or should have known that the evidence was relevant and proceeded to destroy it anyway. As such, the aggrieved party is entitled to the strongest allowable inferences to be drawn from the destruction. The strongest allowable inference is warranted because when relevant documents are destroyed, the relevance and resulting prejudice from the destruction of documents cannot be clearly ascertained because the documents no longer exist.

If the evidence establishes that (1) Defendants' documents relevant to the case are missing in whole or in part, and (2) the defendants acted in good faith in producing available documents and responded appropriately when they discovered documents were missing, the jury can consider this as evidence that their conduct was not willful.

INSTRUCTION NO. 20

A partnership can only act through its employees, agents, or partners. Therefore, a partnership is responsible for the acts of its employees, agents, and partners performed within the scope of authority.

INSTRUCTION NO. 21

A partnership is an association of two or more persons to carry on a business as co-owners. The members of a partnership are called partners.

INSTRUCTION NO. 22

A partner is acting within the scope of the partnership business when doing anything which is either expressly or impliedly authorized by the partnership or which is in furtherance of the partnership business.

INSTRUCTION NO. 23

An act or omission of a partner within the scope of the partnership business is the act or omission of all partners.

INSTRUCTION NO. 24

The defendants Marilyn Patacsil and Ernesto Patacsil are partners. Marilyn Patacsil was acting on behalf of the partnership and within the scope of authority. Therefore, if you decide for the plaintiff, your verdict must be against all of the partners.

INSTRUCTION NO. 25

In determining the meaning of the words of the contract, you must first consider all of the other instructions that I have given you. If, after considering these instructions, you still cannot agree on the meaning of the words, then you should interpret the contract against the party that drafted the disputed words or caused the uncertainty.

INSTRUCTION NO. 26

To establish a California minimum wage claim, the Plaintiff must prove that 1) they performed work for the Defendants; 2) that Plaintiff was paid less than the minimum wage by the Defendants for some or all of the hours worked; and 3) the amount of wages owed. The uncontested and applicable California minimum wage is $8 per hour effective January 1, 2008.

It is not enough for the Defendants to prove that Plaintiffs' average rate of compensation met minimum wage requirements. California law does not allow for averaging which means that the Plaintiff must be paid at the minimum wage rate for each hour or fraction of the hour worked.

An employee is entitled to be paid the legal minimum wage even if they agree to work for a lower wage.

Both liquidated damages and civil penalties may be awarded on a claim for nonpayment of the minimum wage.

INSTRUCTION NO. 27

Plaintiffs claim that Defendants owe Plaintiffs the difference between the wages paid by Defendants and the wages Plaintiffs should have been paid according to the minimum wage rate required by state law. To establish this claim, Plaintiffs must prove all of the following:

1.      That Plaintiffs performed work for Defendant;

2.      That Plaintiffs were paid less than the minimum wage by Defendants for some or all hours worked; and

3.      The amount of wages owed.

The minimum wage for labor performed was $8.00 per hour. An employee is entitled to be paid the legal minimum wage rate if he or she agrees to work for a lower wage.

INSTRUCTION NO. 28

Plaintiffs claim that Defendants owe Plaintiffs overtime pay as required by state law. To establish this claim, Plaintiffs must prove all of the following:

1.      That Plaintiffs performed work for Defendants;

2.      That Plaintiffs worked overtime hours;

3.      That Defendants knew or should have known that Plaintiffs had worked overtime hours;

4.      That Plaintiffs were not paid or paid less than the overtime rate for some or all of the overtime hours worked; and

5.      The amount of overtime pay owed.

Overtime hours are the hours worked in excess of eight (8) hours and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek.

Overtime pay is one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours is double the regular rate of pay for an employee.

An employee is entitled to be paid the legal overtime pay rate even if he or she agrees to work for a lower rate.

INSTRUCTION NO. 29

The Fair Labor Standards Act (FLSA) applies to Residential Care Facilities. FLSA generally covers enterprises engaged in commerce or in the production of goods for commerce. This includes enterprises that are engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit). The FLSA also applies to businesses which gross more than $500,000 per year.

INSTRUCTION NO. 30

To establish a Federal Overtime claim, Plaintiffs must prove that 1) they performed work for Defendants; 2) they worked overtime for Defendants; 3) that Defendants knew or should have known that Plaintiffs worked overtime for Defendants; and 4) that Plaintiffs were not paid or paid less than the overtime rate for some or all overtime hours worked.

Under Federal law, overtime work is defined as any hours worked over 40 hours in one week. An employee is entitled to be paid the legal overtime pay rate even if he or she agrees to work for a lower rate.

INSTRUCTION NO. 31

Under California law, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes." In addition, "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

"An employer's obligation when providing a meal period is to relieve its employee of all duty for an uninterrupted designated 30-minute period." The employer must "relinquish any employer control over the employee and how he or she spends the time."

An employer satisfies its duty to provide a meal period if it "relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so."

"[A]n employer may not undermine a formal policy of providing meal breaks by pressuring employees to perform their duties in ways that omit breaks."

Accordingly, an employer violates the law if it undermines a meal period policy by pressuring employees to perform their duties in ways that discourage them from taking meal periods. Likewise, an employer violates the law despite the existence of a stated policy of providing meal periods if it creates incentives for employees to forgo, or otherwise encourages employees to skip meal periods. In such situations, the law regards the employer as having failed to provide a legally required meal period.

Whether an employer has provided its employees with a meal period in compliance with the law, or has violated the law, should be decided based on how a reasonable employee working for the defendant could respond to all the circumstances, not on the employer's or the employees' individual or subjective experience.

It is not necessary for you to find that each plaintiff personally felt pressured or discouraged from taking meal periods in order to find that a legally-required meal period was not

provided. It is sufficient for you to find that Defendant's actions could tend to discourage a reasonable employee under the same circumstances as the plaintiffs from taking meal periods.

INSTRUCTION NO. 32

If an employer's records show no meal period for a given shift over five hours, a
rebuttable presumption arises that the employee was not relieved of duty and no meal period was
provided.

INSTRUCTION NO. 33

Under California law, an employer must authorize and permit its employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time must be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof. If an employee works for 3.5 hours or more, the employee must be provided a rest period of no less than 10 minutes. A rest period need not be authorized for employees whose total daily work time is less than three and one-half hours.

In other words, if the employee's total daily work time is from three and one-half to six hours in length, the employee must be authorized and permitted to take one ten (10) minute rest period. An employee is entitled to take two 10-minute rest periods if their total daily work time is more than six hours up to 10 hours, and three ten-minute rest periods if their total daily work time is more than 10 hours up to 14 hours. Authorized rest period time is counted as hours worked, and employees are entitled to be paid for this time, whether they take the rest period or not.

An employer may not undermine a formal policy of providing rest periods by pressuring employees to perform their duties in ways that discourage the employee from taking legally required breaks. An employer may also not exert coercion against the taking of, create incentives to forgo, or otherwise encourage the skipping of legally protected rest periods.

Whether an employer provides its employees a rest period in compliance with the law, or has violated the law, should be decided based on how a reasonable employee working for the defendant could respond to all the circumstances, not on the employer's or the employees' individual or subjective experience. It is not necessary for you to find that each Plaintiff personally felt pressured or discouraged from taking rest periods in order to find that a legally-required rest period was not provided. It is sufficient for you to find that Defendants' actions could tend to discourage a reasonable employee under the same circumstances as the Plaintiffs from taking rest periods.

INSTRUCTION NO. 34

If an employer fails to provide an employee a rest period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided. A maximum of one hour of pay may be imposed for any workday in which you find that a rest period premium is owed, even if you find that the plaintiffs were not provided with more than one rest period that day.

INSTRUCTION NO. 35

If an employer records rest periods but those records show no rest period for shifts of 3.5 hours or more, a rebuttable presumption arises that the employee was not relieved of duty and no rest period was provided.

INSTRUCTION NO. 36

Under the law, a workplace policy that is not enforced is considered a policy adopted in name only. Such a policy fails to establish compliance by the employer with the law.

INSTRUCTION NO. 37

Under California law, an employer may be liable for civil penalties, in addition to unpaid wages and premium payments or statutory penalties, where that employer has violated wage and hour laws. If you find that Defendant has committed any of those violations during the relevant period, Defendant is also liable for these penalties, the amount of which will be set by the Court.

INSTRUCTION NO. 38

In order to properly file a claim pursuant to the Private Attorneys General Act (PAGA), an aggrieved employee as a representative of the State, shall give written notice to the California Labor and Workforce Development Agency and the employer. The Workforce Development Agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the post mark of the notice. Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given, the aggrieved employee or representative may commence a civil action pursuant to PAGA.

The parties have stipulated that Plaintiffs provided notice of their intent to sue to the Labor and Workforce Development Agency as required by California Labor Code section 2699 (Private Attorneys General Act) on May 22, 2012, and that the Labor and Workforce Development Agency did not respond within 33 days of the notice.

INSTRUCTION NO. 39

Plaintiffs who no longer work for Defendants are entitled to receive an award of civil penalties based on the number of days Defendants failed to pay any wages when the Plaintiffs stopped working for Defendants. To recover the penalty, Plaintiffs must prove that Defendants willfully (that is, intentionally) failed to pay all wages due and the plaintiff's daily wage rate at the time of employment with Defendants.

INSTRUCTION NO. 40

In order to determine the regular rate of pay for salaried workers, you must multiply the monthly remuneration by 12 (months) and divide by 52 (weeks) = weekly remuneration. Then divide the weekly remuneration by 40 (the number of legal maximum regular hours worked) = regular hourly rate.

INSTRUCTION NO. 41

If you decide that Plaintiffs have proven their claim against Defendants for unpaid wages then Plaintiffs may be entitled to receive an award of a civil penalty based on the number of days Defendants failed to pay wages when due.

To recover the civil penalty, Plaintiffs must prove all of the following:

1.  The date on which plaintiffs' employment ended;

2.  That Defendants failed to pay all wages when they were due;

3.  Plaintiffs' daily wage rate at the time his or her employment with Defendants ended; and

4.  That Defendants willfully failed to pay these wages.

The term "wages" includes all amounts for labor performed by an employee, whether the amount is calculated by time, task, piece, commission, or some other method. The term "willfully" means that the employer intentionally failed or refused to pay the wages.

INSTRUCTION NO. 42

In order to determine the amount of waiting time penalties an employee is entitled, you must first determine the employee's daily wage rate which can then be multiplied by the number of days of nonpayment, up to thirty days.

Determining an employee's daily wage rate is based upon his regular rate of pay at the time of termination.

For example, if an employee earns $10.00 per hour and works 8 hours per day, their daily rate of pay is $80.00 [8 hours x $10.00 = $80.00] multiplied by the number of days they waited for their unpaid wages (not to exceed 30 days).

In determining the plaintiffs' daily wage rate, you may consider the Plaintiffs' estimate of the wage rate, other evidence from the Plaintiffs regarding an estimate of the wage rate, and any evidence presented by Defendants that the estimate is unreasonable.

INSTRUCTION NO. 43

Under California law, every employer shall, at the time of each payment of wages, furnish each of his or her employees, an accurate itemized statement in writing showing, among other things, the gross wages earned by the employee. Where a wage statement does not report the hours worked by an employee, the wage statement is not accurate.

Under California law, an employer must provide employees at the time of each payment of wages an accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee,

(3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(4) net wages earned,

(5) the inclusive dates of the period for which the employee is paid,

(6) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number,

(7) the name and address of the legal entity that is the employer

(8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee

An employee suffering injury as a result of a knowing and intentional failure by employer to provide accurate itemized statements is entitled to recover fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000).

An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (8), inclusive.

This Court has already found that Defendants knowingly and intentionally failed to list hours worked on wage statements. The Court has already calculated the amount of statutory penalties owed to Plaintiff Alicia Bolling. All other Plaintiffs are entitled to statutory penalties in an amount to be determined. All Plaintiffs are entitled to civil penalties pursuant to PAGA in an amount to be determined.

INSTRUCTION NO. 44

In any action to recover wages because of the payment of a wage less than the minimum wage provided by law, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid. Therefore, if you find that Defendants failed to pay Plaintiffs the minimum wage for any or all work performed, then you must award liquidated damages to Plaintiffs in an amount equal to the amount of unpaid minimum wages owed Plaintiffs.

INSTRUCTION NO. 45

In addition to any other damages and penalties which you may award to Plaintiffs, the California Labor Code requires imposition of "civil penalties" against the employer if you find certain violations to have been committed. Seventy-five percent (75%) of any amounts awarded as these Civil Penalties are payable to the State Labor and Workforce Development Agency, with the balance awarded to Plaintiffs.

If you find that Defendants violated the law as previously instructed to you, you must determine whether or not Defendants acted in good faith. Defendants bear the burden of proving that they acted in good faith. Unless you find that Defendants acted in good faith, you must assess the following civil penalties.

1. If you find that Defendants failed to pay Plaintiffs the minimum wage for any work, then you must assess against Defendants a civil penalty of $100 for the initial violation for each pay period and $250 for any subsequent violation per pay period.

2. If you find that Defendants failed to pay Plaintiffs any earned wages on the regular pay day, then you must assess against Defendants a civil penalty of $100 for any initial violation and $200 for any subsequent violation, plus 25 percent of the amount unlawfully withheld.

3. If you find that Defendants failed to pay Plaintiffs any overtime compensation that was owed, then you must assess against Defendants a civil penalty of $50 for any initial violation per pay period and $100 for each subsequent violation per pay period.

4. In addition to any other penalties owed, if you find that Defendants required Plaintiffs to work more than eight hours per day or 40 hours per week without overtime compensation, then you must assess against Defendants a civil penalty of $100 for the initial violation per pay period and $200 for each subsequent violation per pay period.

5. If you find that Defendants were required to provide Plaintiffs with a meal period and nevertheless required either of them to work during a meal period, then you must assess against Defendants for each single failure to provide a meal period a civil penalty of $100 for the initial

violation per pay period and $200 for each subsequent violation per pay period.

6. If you find that Defendants were required to provide Plaintiffs with a meal period and nevertheless failed to provide either of them with a meal period, then you must assess against Defendants for each single failure to provide a meal period a civil penalty of $50 for each initial violation per pay period and $ 100 for each subsequent violation per pay period.

7. If you find that Defendants were required to provide Plaintiffs with a rest period and nevertheless required either of them to work during a rest period, then you must assess against Defendants for each single failure to provide a rest period a civil penalty of $100 for the initial violation per pay period and $200 for each subsequent violation per pay period.

8. If you find that Defendants failed to provide Plaintiffs with an accurate itemized statement, then you must assess against Defendants for each single failure to provide a meal period a civil penalty of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation.

The phrase "pay period" refers to that time period between the dates on which wages are regularly paid by the employer.

INSTRUCTION NO. 46

Plaintiffs may assert their claims for wages pursuant to California Business and Professions Code §§ 17200 et seq. The Business and Professions Code allows employees to bring claims when their employers engage in false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code and employees have suffered injury in fact and have lost money or property as a result of such unfair competition. This include practices such as failing to compensate employees for all hours worked, failing to provide full, uninterrupted meal periods, failing to provide full, uninterrupted rest periods, failing to provide accurate and itemized wage statements, and failing to maintain proper time records. Under the Business and Professions Code, employees have four years to bring suit for claims due to practices covered within the code.

INSTRUCTION NO. 47

Defendants contend that Plaintiffs' claims under the Fair Labor and Standards Act were not filed within the time set by law. To succeed on this defense, Defendants must prove that Plaintiffs' claimed harm occurred before June 26, 2010.  If Plaintiffs prove that Defendants' actions were willful, Defendants must prove that Plaintiffs' claimed harm occurred before June 26, 2009.

Under the Fair Labor Standards Act (FLSA), if an employer willfully violates the statute, the FLSA's limitations period is extended from two years to three, bringing another year of lost pay within the scope of the worker's claim.

In order to demonstrate willfulness, Plaintiffs must show that the Defendant, at the time of the FLSA violation, either "knew" its conduct was prohibited by the FLSA or "showed reckless disregard for the matter."

Here, Plaintiffs bring overtime claims under the FLSA. Therefore, if Defendants knew or showed reckless disregard for federal overtime laws at the time the overtime violations occurred, Plaintiffs are entitled to three years of lost pay due to federal overtime violations.

INSTRUCTION NO. 48

Defendants contend that Plaintiffs' claims for failure to pay state minimum wage, failure to pay overtime, and failure to provide meal and rest periods were not filed within the time set by law. To succeed on this defense, Defendants must prove that Plaintiffs' claimed harm occurred before June 26, 2009.

INSTRUCTION NO. 49

Defendants contend that Plaintiffs' claim for failure to provide accurate wage statements was not filed within the time set by law. To succeed on this defense, Defendants must prove that Plaintiffs' claimed harm occurred before June 26, 2011.

INSTRUCTION NO. 50

Defendants contend that Plaintiffs' claims for violation of unfair competition law was not filed within the time set by law. To succeed on this defense, Defendants must prove that Plaintiffs' claimed harm occurred before June 26, 2008.

INSTRUCTION NO. 51

Defendants contend that Plaintiffs' claims under the Private Attorney General Act
(PAGA) were not filed within the time set by law. To succeed on this defense, Defendants must
prove that Plaintiffs' claimed harm occurred before May 22, 2011, one year prior to the Labor
Code notice of claim to the Labor Workforce Development Agency (LDWA) and Defendants,
dated May 22, 2012.

INSTRUCTION NO. 52

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 53

Because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your deliberations.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or other social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.

If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you have received all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials.; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had the opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 54

Some of you may have taken notes during the trial to help you remember the evidence. Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

INSTRUCTION NO. 55

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the liability of the defendants, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. 56

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

INSTRUCTION NO. 57

You have now completed your jury service in this case. On behalf of all the judges of the court, please accept my thanks for your time and effort. Now that the case is over, you may choose whether or not to discuss the case and your deliberations with anyone. The lawyers in this case or their representatives may now talk to you about the case, including your deliberations or verdict. Those discussions must occur at a reasonable time and place and with your consent. Please immediately report to the court any unreasonable contact, made without your consent. Again, thank you for your service. You are now excused.