UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CABARDO, et al., | No. 2:12-cv-01705-TLN-KJN |
| Plaintiffs, | |
| v. | **ORDER** |
| MARILYN PATACSIL, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs Joseph Cabardo, Donnabel Suyat, Mactabe Bibat, Marissa Bibat, Alicia Bolling, Renato Manipon, Carlina Cabacongan, and John Dave Cabacongan's (collectively, "Plaintiffs") Motion for Attorneys' Fees. (ECF No. 253.) Defendants Marilyn Patacsil and Ernesto Patacsil (collectively, "Defendants") filed an opposition. (ECF No. 256.) Plaintiffs filed a reply. (ECF No. 259.) For the reasons set forth below, Plaintiffs' motion is GRANTED in part and DENIED in part.

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs brought this wage and hour action pursuant to: (1) the Fair Labor Standards Act (29 U.S.C. §§ 201–219); (2) the California Labor Code (Cal. Lab. Code §§ 200–1197); and (3) the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200–17209). Plaintiffs also sought penalties under the Private Attorneys General Act (Cal. Lab. Code §§ 2698–2699.5). (ECF No. 253-1 at 6.) On June 16, 2020, after a jury trial, the Court entered judgment in Plaintiffs' favor as to all claims in the amount of $893,815.62. (ECF No. 232.) On July 14, 2020, Plaintiffs submitted a motion for attorneys' fees. (ECF No. 235.) Three days later, Defendants filed a notice of bankruptcy filing. (ECF No. 239.) The Court subsequently stayed the pending motion for attorneys' fees. (*Id.*) On March 16, 2021, the Court lifted the stay pursuant to the bankruptcy court's order dated March 15, 2021. (ECF Nos. 240, 240-1.) Plaintiffs filed the instant amended motion for attorney's fees on May 14, 2021. (ECF No. 253.)

## II. STANDARD OF LAW

In the Ninth Circuit, the starting point for determining reasonable attorneys' fees is the "lodestar" calculation, which is obtained by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). In determining a reasonable number of hours, the Court reviews detailed time records to determine whether the hours claimed are adequately documented and whether any of the hours were unnecessary, duplicative, or excessive. *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). In determining a reasonable rate for each attorney, the Court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Id.* at 1210–11.

In calculating the lodestar, the Court considers any relevant factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied* 425 U.S. 951 (1976). *Jordan*, 815 F.2d at 1264 n.11 (noting the Ninth Circuit no longer requires a court to address every factor listed in *Kerr*). The *Kerr* court looked to the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skilled requisite to perform the

legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr*, 526 F.2d at 70. To the extent the *Kerr* factors are not addressed in the calculation of the lodestar, they may be considered in determining whether the fee award should be adjusted upward or downward once the lodestar has been calculated. *Chalmers*, 796 F.2d at 1212. However, there is a strong presumption that the lodestar figure represents a reasonable fee award. *Jordan*, 815 F.2d at 1262. An upward adjustment of the lodestar is appropriate only in extraordinary cases, such as when an attorney faced exceptional risks of not prevailing or not recovering any fees. *Chalmers*, 796 F.2d at 1212.

### III.   ANALYSIS

Plaintiffs seek attorneys' fees of $1,615,838.49 for pre-bankruptcy proceedings and $112,228.71 for expenses incurred during Defendants' bankruptcy proceedings, or in the alternative, $1,531,332.67 for pre-bankruptcy proceedings and $74,819.19 for bankruptcy proceedings.[1] (ECF No. 253-1 at 25.)

As a preliminary matter, Plaintiffs fail to persuade the Court that they are entitled to post-judgment attorneys' fees incurred in Defendants' bankruptcy action. Plaintiffs vaguely argue that due to Defendants' bankruptcy, Plaintiffs' counsel "undertook a multitude of legal endeavors in order to maintain, protect, and preserve the enforceability of the judgment." (ECF No. 253-1 at 6, 8; ECF No. 259 at 6.) Plaintiffs provide a single paragraph listing various actions taken in the bankruptcy proceeding but fail to explain clearly how those actions maintained, protected, or preserved the enforceability of the judgment in the instant case. Moreover, the only authority

---

[1]   Plaintiff calculated the first pre-bankruptcy amount using the *Laffey* matrix 2019–2020 rate and the alternative amount using the *Laffey* matrix historical rates (i.e., the rate for the year in which the work was completed). (ECF No. 253-2 at 6.) Both pre-bankruptcy amounts include a 1.5 lodestar multiplier. (*Id.*) The first bankruptcy amount includes the requested multiplier, whereas the lower, alternative amount does not. (*Id.*) As will be discussed below, the Court declines to apply the *Laffey* matrix or a lodestar multiplier in this case.

1  Plaintiffs cite to support their request for attorneys' fees related to Defendants' bankruptcy is a
2  California appellate court decision. (ECF No. 253-1 at 10 (citing *Jaffe v. Pacelli*, 165 Cal. App.
3  4th 927, 938 (2008).) However, *Jaffe* appears to be distinguishable. The *Jaffe* court found, under
4  California Code of Civil Procedure § 685.040, a judgment creditor was entitled to fees incurred in
5  successful efforts to dismiss the debtor's bankruptcy action seeking to discharge debt where the
6  promissory note underlying judgment contained a fee provision. *Jaffe*, 165 Cal. App. 4th at 935–
7  38. Here, Plaintiffs do not invoke California Code of Civil Procedure § 685.040 nor do they
8  explain how *Jaffe* — which narrowly addressed cases involving contracts — applies to the instant
9  action. Based on the limited arguments before the Court, the Court DENIES Plaintiffs' request
10 for fees related to Defendants' bankruptcy action.

11 The Court will now address Plaintiff's request for pre-bankruptcy attorneys' fees. The
12 Court will examine the hourly rates, hours expended, and request for a multiplier in turn.

13       A.    <u>Hourly Rates</u>

14 In determining the reasonableness of hourly rates, the Court refers to the prevailing rate in
15 the community for similar work performed by attorneys of comparable skill, experience, and
16 reputation. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "The fee applicant has the
17 burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the
18 requested rates are in line with those prevailing in the community for similar services of lawyers
19 of reasonably comparable skill and reputation." *Jordan*, 814 F.2d at 1263. "Though affidavits
20 provide satisfactory evidence of the prevailing market rate, they are not conclusive. *Camacho v.
21 Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). Courts rely on their own familiarity
22 with the market in the district where the court sits. *Ingram*, 647 F.3d at 928; *see also Gonzalez v.
23 City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) ("Generally, when determining a
24 reasonable hourly rate, the relevant community is the forum in which the district court
25 sits.") (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)).

26 Here, Plaintiffs propose rates ranging from $248 per hour for junior associates to $599 per
27 hour for partners. (ECF No. 253-1 at 12.) Plaintiffs base their rates on the *Laffey* matrix. (*Id.* at
28 11.) Originally approved in *Laffey v. Nw. Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in*

*part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), the *Laffey* matrix is an inflation-adjusted grid of hourly rates for lawyers of varying levels of experience in Washington, D.C. *Id.* at 371–75; *see also In re HPL Techs., Inc. Sec. Litig.*, 366 F. Supp. 2d 912, 921 (N.D. Cal. 2005). The Eastern District has repeatedly declined to adopt the *Laffey* matrix, as it only surveys prevailing rates in the Washington, D.C. legal community and does not directly correlate to hourly rates for attorneys and paralegals in other parts of the country.[2] *See Fitzgerald v. L. Off. of Curtis O. Barnes*, No. 1:12-cv-00071-LJO-GSA, 2013 WL 1627740, at *3 (E.D. Cal. Apr. 15, 2013), *findings and recommendation adopted*, 2013 WL 1896273 (E.D. Cal. May 6, 2013) (finding the *Laffey* Matrix inapposite for determining Fresno rates); *Chapman v. Jacobs*, No. 2:17-cv-1745 WBS CKD, 2019 WL 4259765, at *4 (E.D. Cal. Sept. 9, 2019), *aff'd*, 836 F. App'x 606 (9th Cir. 2021) (declining to use the *Laffey* matrix to determine a reasonable hourly rate); *Firstsource Sols. USA, LLC v. Tulare Reg'l Med. Ctr.*, No. 1:15-cv-01136-DAD-EPG, 2019 WL 2725336, at *7 (E.D. Cal. July 1, 2019); *Johnson v. Wayside Prop., Inc.*, No. 2:13-1610 WBS AC, 2014 WL 6634324, at *7 (E.D. Cal. Nov. 21, 2014) (declining to adopt the *Laffey* matrix, even when the plaintiffs attempted to adjust it to the applicable locality rate); *see also Prison Legal News*, 608 F.3d at 454 (questioning whether the *Laffey* matrix is reliable, given its intended use in the District of Columbia).

Despite the Court's reluctance to rely on the *Laffey* matrix, Plaintiffs' requested rates are reasonable and consistent with the Eastern District's previous awards for similar work.[3] *See, e.g.*, *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 n.1 (E.D. Cal. 2010) (approving rates of $525 for partners and $350 for an associate); *Franco v. Ruiz Food Products, Inc.*, No. 1:10-cv-02354-SKO, 2012 WL 5941801, *20 (E.D. Cal. Nov. 27, 2012) (approving rates of up to $650 for partners, $405 for associates, and $100 for legal assistants); *McCulloch v. Baker Hughes Inteq*

---

[2] The Court notes there has been at least one case in the Eastern District that adopted the *Laffey* matrix, with adjustments for the applicable locality rate. *See Trujillo v. Singh*, No. 1:16-cv-01640-LJO-EPG, 2017 WL 1831941, at *2–3 (E.D. Cal. May 8, 2017). However, this appears to be the exception, not the norm.

[3] The Court also relies on the Declaration of Stan Mallison, detailing the qualifications and experience of Plaintiffs' counsel. (*See* ECF No. 253-2.)

*Drilling Fluids, Inc.*, No. 1:16-cv-00157-DAD-JLT, 2017 WL 5665848, at *8 (E.D. Cal. Nov. 27, 2017) (awarding $350 per hour for an associate attorney and $525 for a partner); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 452–53 (E.D. Cal. 2013) (awarding between $280 and $560 per hour for attorneys with two to eight years of experience, $720 per hour for an attorney with 21 years of experience, and $100 per hour for legal assistants); *Gong-Chun v. Aetna Inc.*, No. 1:09-cv-01995-SKO, 2012 WL 2872788, at *23 (E.D. Cal. July 12, 2012) (awarding between $300 and $420 per hour for associates and between $490 and $695 per hour for senior counsel and partners); *Velasco v. Mis Amigos Meat Market, Inc.*, No. 2:08-cv-0520-TLN-EFB PS, 2013 WL 5755054, at *12 n.4 (E.D. Cal. Oct. 23, 2013), *findings and recommendation adopted*, ECF No. 88 (Feb. 26, 2014) (approving a partner rate of $650 per hour, a senior associate rate of $495 per hour, and a junior associate rate of $395 per hour).

Therefore, the Court finds Plaintiffs' requested rates, detailed below, are reasonable and commensurate with the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation.

Pre-Bankruptcy Proceedings:

| | |
|---|---|
| Partner | $599.36 |
| Senior Associate | $489.02 |
| Mid-level Associate | $305.35 |
| Junior Associate | $248.01 |
| Law Clerk/ Paralegal | $135.34 |
| Legal Assistant | $83.34 |

B. Hours Expended

Plaintiffs' counsels' billing records indicate that seventeen attorneys and other employees expended a total of 2,925.78 hours on pre-bankruptcy proceedings. (ECF No. 253-2 at 9.) Defendants do not contest the number of hours expended. (*See* ECF No. 256.)

Generally, a court should defer to counsel's professional judgment as to how much time was spent on the case. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

6

1  Counsel is not required to record this time in great detail but must provide the general subject

2  matter for the task performed. *Hensley*, 461 U.S. at 437 n.12. However, a court may reduce the

3  hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v.*

4  *Cnty. of L.A.*, 879 F.2d 481, 484 (9th Cir. 1988). The party seeking the attorneys' fees bears the

5  burden of producing documentary evidence demonstrating the number of hours spent on and rates

6  in the litigation. *McCown v. City of Fontana Fire Dep't*, 565 F.3d 1097, 1102 (9th Cir. 2009).

7  The burden then shifts to the opposition to submit evidence challenging the accuracy and

8  reasonableness of the hours charged, the facts of the affidavit, and calculations. *Ruff v. Cnty. of*

9  *Kings*, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

10      Although Defendants do not object to the documentation provided, the Court is required

11  to review Plaintiffs' billing records for insufficient documentation or excessive charges. *See*

12  *Sealey, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984) (fees award vacated where

13  the district court "accepted uncritically" the plaintiff's representations concerning the time

14  expended on the case). After careful review, the Court finds Plaintiffs' records adequately reflect

15  the work product's general subject matter and sufficiently note how the time was spent with

16  descriptors like "[c]onduct[ed] deposition of Marilyn Patacsil" and "read Defendants' trial brief."

17  (*See generally* ECF No. 253-5.) Accordingly, the Court finds Plaintiffs' documentation is

18  sufficient and the hours are not excessive.

19      Therefore, the Court finds the pre-bankruptcy proceedings lodestar amount of

20  $1,077,218.62 to be reasonable.[4] (*See* ECF No. 253-2 at 9.)

21          C.     Multiplier

22      Plaintiffs seek the application of a 1.5 multiplier to the lodestar amount. (ECF No. 253-1

23  at 13.) Defendants argue the proposed multiplier is subsumed in the Court's criteria for awarding

24  attorneys' fees.[5] (ECF No. 256 at 6–8.) In reply, Plaintiffs contend the multiplier is necessary, as

---

[4] In determining the amount, the Court multiplied the hours worked (*see* ECF No. 253-2 at 9) by the applicable hourly rate, as detailed above. The amount is $7.38 less than Plaintiffs requested (excluding the multiplier) because Plaintiffs seemingly rounded up each figure to the next whole dollar. (*See id.* at 9.)

[5] Defendants further contend the award should not be enhanced based on a finding of

7

Plaintiffs' counsel accepted the matter on a contingency basis.  (ECF No. 259 at 3–4.)

The Court has considered the equitable considerations outlined in *Kerr* in its lodestar calculations and whether further adjustment is needed.  *See Kerr*, 526 F.2d at 70.  In doing so, the Court was mindful of precedent establishing the "strong presumption that the lodestar figure represents a reasonable fee."  *Jordan*, 815 F.2d at 1262.  An upward adjustment of the lodestar is appropriate only in extraordinary cases, such as when an attorney faced exceptional risks of not prevailing or not recovering any fees.  *Chalmers*, 796 F.2d at 1212.

In the instant matter, no upward adjustment of the above amount is necessary.  While Plaintiffs' counsel did obtain a positive result, that result is not "exceptional" nor is it borne out of "exceptional effort[s]" by counsel.  *Graham v. Daimler Chrysler Corp.*, 34 Cal. 4th 553, 582 (2004).  This case similarly did not present any novel or difficult issues and, in the Court's opinion, was not high risk.  Moreover, while Plaintiffs' counsel elected to accept the matter on a contingency basis, thus assuming some risk and deferring payment, if any, until the conclusion of the matter, this is subsumed in the Court's lodestar calculation.  Therefore, the lodestar value represents the fair market value of this particular action.  *See Ketchum v. Moses*, 24 Cal. App. 4th 1122, 1132 (2001).

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorneys' Fees (ECF No. 253) is hereby GRANTED in part and DENIED in part.  The Court GRANTS Plaintiffs' request for pre-bankruptcy attorneys' fees in the reduced amount of $1,077,218.62 and DENIES Plaintiffs' request for attorneys' fees incurred in Defendants' bankruptcy proceedings.

IT IS SO ORDERED.

**DATED: March 29, 2022**

_____
Troy L. Nunley
United States District Judge

---

"willfulness" and seek to have such language in Plaintiffs' proposed order stricken. (ECF No. 256 at 12.)  However, the Court did not rely on such language in assessing the award and finds no compelling reason to strike any language from Plaintiffs' proposed order.